UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL J. THEIS

           Plaintiff,

  v.                                  Case No. 05-C-752

CITY OF STURGEON BAY,
CITY OF STURGEON BAY POLICE
AND FIRE COMMISSION, and
DANIEL J. TRELKA,

           Defendant.

**ORDER DENYING MOTION TO AMEND JUDGMENT**

Plaintiff Paul J. Theis has filed a motion for amendment of judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure in which he requests that I vacate the summary judgment granted in favor of the defendants. The case arises under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654. Theis claims that Defendants City of Sturgeon Bay, City of Sturgeon Bay Police and Fire Commission, and Sturgeon Bay Police Chief Daniel J. Trelka violated the FMLA by terminating his employment with the Sturgeon Bay Police Department in retaliation for his exercising of FMLA rights. The defendants claim Theis was fired for insubordination after he twice refused to comply with an order that he undergo a psychological evaluation to determine whether he was fit for duty. Defendants' motion for summary judgment was granted by this court on August 14, 2006, and Theis filed a timely motion to amend that judgment. For the following reasons, Theis' motion will be denied.

A party moving the court to amend its judgment under Rule 59 must do more than simply re-argue its previous positions or present them under new theories. *See Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993) (citation omitted). A motion to amend judgment under Rule 59(e) may be granted only if the movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Deutsch v. Burlington Northern R.R. Co.*, 983 F.2d 741, 744 (7th Cir. 1992).

Theis has offered no newly discovered evidence, nor has he pointed to any evidence in the record that "clearly establishes manifest error of law or fact" in this court's decision granting the defendants' motion for summary judgment. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996). Instead, he essentially repeats the arguments he previously made in opposition to defendants' motion for summary judgment. I explained my reasons for granting summary judgment in favor of the defendants, and nothing in Theis' present motion leads me to believe I was in error. The evidence establishes without dispute that Theis twice refused to obey an order that he undergo a fitness for duty psychological examination, even after he was warned that failure to comply was grounds for dismissal. Theis' claim that the order was unlawful was addressed in my previous decision, as was his general argument that his mental health was not at issue and the real concern was his request for FMLA leave.

As to legal error, plaintiff argues that the court's analysis failed to account for the fact that an FMLA claim may be brought under either an interference/entitlement theory or a discrimination/retaliation theory. (Pl.'s Br. at 10-11.) While plaintiff alleged interference in his complaint (Compl. ¶ 1), he later abandoned that theory, admitting that "the only issue in this lawsuit is whether the Defendants discriminated against Officer Theis by retaliating in response to his

2

assertion of FMLA protection." (Pl.'s Br. Opp'n. Mot. Summ. J. at 4.) In light of this admission, and in light of the fact that plaintiff advanced only retaliation-based arguments in his brief opposing summary judgment, the court showed no manifest error by forgoing an interference/entitlement analysis.[1] In the brief supporting the instant motion, plaintiff points out the two theories under which an FMLA claim may be brought, but plaintiff has still not advanced an argument based on an interference/entitlement theory. (Pl.'s Br. at 10-11.) In fact, the law plaintiff cites as appropriate for an interference/entitlement analysis is instead appropriate for a discrimination/retaliation analysis. *See King v. Preferred Technical Group*, 166 F.3d 887, 892 (7th Cir. 1999); *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 712-13 (7th Cir. 1997).

Because Theis has failed to demonstrate any error of fact or law, his motion to amend judgment is **denied**.

**So Ordered** this   20th   day of October, 2006.

                                                  s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge

---

[1] An employee alleging a deprivation of FMLA's substantive guarantees must demonstrate by a preponderance of the evidence his entitlement to the disputed leave; in such cases, the intent of the employer is irrelevant. *King v. Preferred Technical Group*, 166 F.3d 887, 891 (1999).